IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LA MAR GUNN,

        Plaintiff,

v.

SUSAN CAROL OVER,

        Defendant.

Civ. No. 16-713-CFC

---

La Mar Gunn, Camden Wyoming, Delaware.  *Pro Se* Plaintiff.

Robert P.O. O'Brien, Esq., Wilmington, Delaware.   Counsel for Defendant.

## MEMORANDUM OPINION

July 22, 2019
Wilmington, Delaware

**CONNOLLY, U.S. District Judge:**

Plaintiff La Mar Gunn ("Plaintiff"), who appears *pro se* and has paid the filing fee, filed this action on August 12, 2016, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* (D.I. 1) Defendant Susan Carol Over ("Defendant") moves for dismissal pursuant to Fed. R. Civ. P. 12(b)(6).[1] (D.I. 22) Plaintiff opposes. Also, Plaintiff has filed a motion for sanctions and for reconsideration to extend discovery. (D.I. 20) Defendant opposes. Briefing is complete.

## I.    BACKGROUND

The Complaint alleges that dismissed Defendant de Cos is a Delaware attorney engaged in the business of collecting debt and who regularly attempts to collect debts in this state. (D.I. 1 at ¶ 4) It alleges that Defendant is an attorney related to de Cos as a collector. (*Id.* at ¶ 5) The Complaint alleges that Defendants (this includes the dismissed Defendants) are "debt collectors" engaged in the collection of debts from consumers using the mail and telephone under the FDCPA, 15 U.S.C. § 1692a(6) and who regularly attempt to collect consumer debts alleged to be due to another. (*Id.* at ¶ 7)

The Complaint alleges that Defendants claimed to be the servicer of an alleged mortgage debt belonging to Plaintiff. (*Id.* at ¶ 8) Plaintiff alleges that he did not have a relationship with Defendants and was involved in a "void judgment" alleged to have been owed to Defendant which "is believed to have been obtained in violation of state law in 2007." (*Id.* at ¶ 9) The Complaint alleges that "Plaintiff was never given notice

---

[1] Andrews Gutierrez de Cos ("de Cos") and Bradley Vaughn Manning ("Manning") were dismissed as Defendants on April 4, 2018. (*See* D.I. 11)

of the void judgment until being contacted by Kent County Sheriff, used for the purpose of harassing [Plaintiff] at an unrelated location." (*Id.* at ¶ 10) Plaintiff alleges that as a result, he "suffered termination of long-standing credit lines, denial of new credit lines, loss of business, and damage to his triple A credit rating." (*Id.* at ¶ 11)

Count One alleges the following FDCOA violations: misrepresentations about owing a debt; false or misleading representations; unlawful failure to cease communications; annoying, abusive, or harassing telephone calls; contacting a third party, the Plaintiff's employer, without Plaintiff's prior consent in violation of 15 U.S.C. § 1692c(b); contacting Plaintiff after Plaintiff had requested Defendants cease communication with Plaintiff at his place of work in violation of 15 U.S.C. § 1692c(c); making a threat of suit during the debt validation request period in a manner that overshadowed the notice of validation rights and would create confusion for a least sophisticated consumer about his rights in violation of 15 U.S.C. § 1692g; and failing to provide verification of the debt and continuing its debt collection efforts after Plaintiff had disputed the debt in writing within thirty days of receiving notice of the 15 U.S.C. § 1692g debt validation rights in violation of 15 U.S.C. § 1692g(b). (*Id.* at ¶ 13(a)-(9h))

Count Two raises a claim under the "state Act" and alleges that Defendants violated § 1692e(11) by failing to disclose that they were attempting to collect a debt and that any information obtained from the debtor would be used for that purpose. (*Id.* at ¶ 15(a))

Plaintiff seeks declaratory relief, actual damages, and statutory damages.

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the Complaint does not meet the pleading standards of *Twombly* and *Iqbal* as it

fails to correctly plead an element of the case and fails to contain sufficient factual matter to state a claim for relief.

## II.    STANDARDS OF LAW

Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading rules established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps:   (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a

claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014).

## III. DISCUSSION

Defendant moves to dismiss on the grounds that the Complaint is pled in a vague and conclusory manner, the allegations do not adequately allege that Defendant is a "debt collector" within the meaning of the FDCPA and do not allege that Defendant has violated the FDCPA in any specific identifiable way.

Plaintiff opposes and argues that the Court must accept all allegations as true and construe them in the light most favorable to him. The Court observes that Plaintiff added new facts in his opposition. However, they are not considered by the Court. *See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Finally, Plaintiff argues that Defendant is liable for the actions of parties hired to collect a debt on her behalf, relying upon *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000).

The FDCPA prohibits debt collectors from "making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995). Under the FDCPA, "[a] debt collector may not use

any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692d provides that "a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," and § 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." The FDCPA provides that "an action to enforce any liability created by [the Fair Debt Collection Practices Act] may be brought . . . within one year from the date on which the violation occurs." *See* 15 U.S.C. § 1692k(d).

As pled, the Complaint fails to state claims upon which relief may be granted. The Complaint does not provide any dates except for the year 2007 when it is alleged that Defendant is "believed to have obtained" a judgment in violation of state law. (D.I. 1 at ¶ 9) Other than to make conclusory statements, the Complaint does not allege what actions were taken by Defendant. In short, the Complaint consists of legal conclusions without facts to support its claims and does not comport with the pleading requirements of *Iqbal* and *Twombly*.

In addition, the Complaint lacks the essential element of a "debt collector" needed to state a claim under the FDCPA. The FDCPA is not applicable to a creditor seeking to recover a debt owed to it. *See Frazier v. Morristown Mem'l Hosp.*, 767 F. App'x 371, 374 (3d Cir. 2019) ("The FDCPA does not apply to creditors who collect their own debts; it applies only to debt collectors who collect debts owed to another. 15 U.S.C. § 1692a(6)(A)".). Under the FDCPA, a "debt collector" is defined as "any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *see also*

*Henson v. Santander, Consumer USA Inc.*, __U.S.__, 137 S.Ct. 1718, 1721, 1724 (2017) ("All that matters is whether the target of the lawsuit regularly seeks to collect debts for its own account or does so for another.").

Plaintiff invokes *Pollice* to support his position that under a vicarious liability theory, Defendant may be responsible for violations of the party hired to collect a debt on her behalf. (D.I. 23 at 4) However, as recently explained by the Third Circuit, the focus for FDCPA purposes is on whether the principal, here Defendant, qualifies as a debt collector because "an entity which itself meets the definition of 'debt collector' may be held vicariously liable for unlawful collection activities carried out by another on its behalf." *Barbato v. Greystone Alliance, LLC*, 916 F.3d 260, 269 (3d Cir. 2019) (quoting *Pollice*, 225 F.3d at 404).

The allegations in the Complaint allege in a conclusory manner that Defendant is a debt collector. However, other allegations lead to the conclusion that Defendant is not a "debt collector" as required under the FDCPA. The Complaint's allegations refer to an alleged "void judgment" obtained by Defendant, that Plaintiff was never given notice of, that Plaintiff owed to Defendant, and that Defendant hired de Cos to collect. (D.I. 1 at ¶ 4, 5, 9) The allegations indicate that Defendant is a creditor and not a debt collector and that dismissed Defendant de Cos, hired by Plaintiff, was the debt collector. (D.I. 1 at ¶¶ 4, 5); *see e.g.*, *Frazier*, 767 F. App'x 371, 375 (FDCPA case dismissed against hospital who forwarded a debt owed it to lawyers for collection upon finding that hospital is not a "debt collector" as defined by the FDCPA). The FDCPA claims do not apply to Defendant given the Complaint's allegations. Therefore, dismissal is appropriate.

Finally, Plaintiff appears to attack the validity of the 2007 judgment. To the extent this is his intent, he may not use this lawsuit to attack or relitigate a matter previously decided by the State Court. Moreover, this matter was brought pursuant to the FDCPA and the consumer protection statutes upon which Plaintiff relies are not relevant to the issue of the validity of the judgment. *See Frazier*, 766 F. App'x at 375.

Based upon the foregoing, the Court finds amendment is futile and will grant Defendant's motion to dismiss the Complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002) (noting that dismissal of case without leave to amend is proper when amendment would be futile or inequitable).

## IV.    CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss (D.I. 22) and will deny as moot Plaintiff's motion for sanctions and for reconsideration (D.I. 20). The Court finds amendment futile.

An appropriate order will be entered.

_____
UNITED STATES DISTRICT JUDGE

7